UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS JORGE BARRIOS
ESPINOSA,

      Petitioner,

    v.                        Case No.:  2:26-cv-00695-SPC-NPM

GARRETT RIPA *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Carlos Jorge Barrios Espinosa's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Barrios Espinosa's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Barrios Espinosa is a native of Cuba who was admitted into the United States as a refugee in 1997, at the age of 18.  In 1999, he was convicted on two counts of endangering the welfare of a child.  Based on that conviction, an immigration judge ordered him removed to Cuba on December 30, 2004.  Barrios Espinosa was in Immigration and Customs Enforcement ("ICE") custody until April 4, 2005, when ICE released him under an order of supervision because there was no significant likelihood of removal.  Since then, Barrios Espinosa has fully complied with all conditions of supervision and kept his criminal record clean.  He has two U.S. citizen children.

On November 6, 2025, ICE arrested Barrios Lopez without explanation and detained him at Alligator Alcatraz.  ICE served him a notice of revocation of release on March 19, 2026.  Barrios Espinosa challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Immigration and Nationality Act, and its implementing regulations.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus

an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Barrios Espinosa's petition is premature because his current detention has not exceeded 180 days.  They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Barrios Espinosa has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  ICE

made that determination in 2005. Barrios Espinosa has been moved closer to the Mexico border multiple times during his current detention, and ICE has twice falsely notified his counsel that he was removed. The Court can infer that ICE recently attempted to remove him but was not successful. The burden thus shifts to the respondents. A deportation officer states that ICE intends to remove Barrios Espinosa to Mexico, but he does not explain the apparent previous attempts, nor does he offer any reason to believe Mexico will accept Barrios Espinosa.

The Court finds no significant likelihood Barrios Espinosa will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Barrios Espinosa to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Carlos Jorge Barrios Espinosa Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Barrios Espinosa within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record